[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks a Modification of Judgment dated July 12, 1999. That judgment contained an agreement which was incorporated by reference and provided that a substantial portion of the parties' two children times would be spent with father as follows:
"3. PARENTING:
 Until the Mother relocates to New York City, the parties shall mutually agree upon a shared parenting schedule which shall afford each parent regular access, shared holidays, school vacations and special occasions with the children.
 Upon the Mother's relocation to New York City with the children, the parties shall share their time with the minor children, substantially as follows, acknowledging the necessary flexibility consistent with a joint custodial agreement.
A. REGULAR ACCESS.
 1. During the school year, the regular weekly access schedule shall be as follows:
 a. The children shall be with Mother during the school week until Friday after school at which time Mother will deliver the children to a location equidistant between Mother's house in New York and Father's house in Connecticut. Said location shall be the Danbury Mall or any other location mutually agreeable to the parties. The children will be delivered to that same location by Father on Sunday evening at 6:00 p.m. where they will be retrieved by CT Page 56 Mother and returned to their New York residence.
 b. Father shall have parenting time with the children every Tuesday or Wednesday evening, as arranged by mutual agreement of the parties, from after school until 7:30 p.m. Said parenting time shall be conducted in proximity to the children's New York residence. The Wednesday evening visits for Father shall begin the second week of September, 1999.
 2. During the summer vacation as defined by the children's school calendar, Father shall have primary residence of the children, who shall remain with Father during the week until Friday at 6:00 p.m. when Father shall deliver the children to Mother at an agreed upon location equidistant between the Father's house in Connecticut and Mother's house in New York City (Danbury Mall or any other mutually agreeable location). The children will remain with Mother until Monday at noon when Mother shall deliver the children to Father at the same agreed upon destination equidistant between their respective residences (Danbury Mall or any other mutually agreeable location). The summer schedule for 1999 shall begin upon Wife relocating to New York. The summer schedule shall coincide with the children's summer school schedule and to the extent that the Husband is also not working and is available to the children.
 Mother shall also be entitled to see the children approximately four (4) to six (6) hours one (1) weekday during each week throughout the summer, although the children must remain with Mother in the Hartford County area and continue to participate in any activities in which they have been enrolled as part of their involvement in any summer programs.
 Each party shall be entitled to one uninterrupted week during the summer which week shall be defined as Saturday at 10:00 a.m. until the following Sunday at 6:00 p.m. which week shall supersede any regular visitation as outlined herein. The parties shall exchange their summer vacation schedules no later CT Page 57 than May 1 of each year. In the event that a conflict exists as to summer vacation week, the Mother's preference shall prevail in even years and the Father's preference shall prevail in odd years.
B. HOLIDAYS AND SPECIAL OCCASIONS
1. All Monday holidays (state and Federal) which follow Father's weekend shall belong to Father except that the parties shall annually alternate Memorial Day and Labor Day. Memorial Day, 1999 shall belong to Father and Labor Day, 1999 shall belong to Mother alternating each year thereafter.
2. The parties shall annually alternate the July 4 and Thanksgiving holiday. July 4, 1999 shall be with Mother and Thanksgiving, 1999 shall be with Father, alternating each year thereafter.
3. All major Jewish holidays shall belong to Mother to be defined as the first two (2) nights of Passover, Rosh Hashanah, Yom Kippur and the first night of Hanukkah. All major Christian holidays shall belong to Father, to be defined as Christmas Eve, Christmas Day and Easter.
4. The children will be with Mother on Mother's Day (beginning at 10:30 a.m.) and her birthday and Father on Father's Day and his birthday.
5. The parties shall alternate school vacations on an annual basis. Each parent who doesn't have the children for the vacation shall be with the children the weekend the vacation begins until Sunday at 5:00 p.m. It is the intention of the parties that the school vacations be equitably divided between the two parties and the parties shall cooperate to that end.
6. Holiday, special occasion and vacation parenting time shall supersede regular access during the school year and summer as defined herein."
In addition, the Court also provided for substantial deviation from child support guidelines because of the shared parenting time and associated travel costs. That court order was contained in Paragraph 4 of the agreement as follows:
"4. CHILD SUPPORT
CT Page 58
 Due to the shared parenting plan and the associated travel cost, the parties agree that it is appropriate to deviate from this child support guidelines. As a result, the Husband shall pay to the Wife child support in the sum of Three Hundred ($300.00) Dollars per month beginning September 1, 1999.
 The wife shall be responsible for any private elementary, middle school or high school expense incurred by the minor children.
 Both parties shall waive the payment of child support through child support enforcement and a contingent wage execution shall issue."
At the time of the dissolution defendant's affidavit was incorrect but the plaintiff acknowledged that she had the actual information as to defendant's income. His income had gone up but not more than $5,000 in the ensuing three years. Her income in her affidavit at the time of the dissolution reflected net income of $231 although the previous year she had gross earnings of $100,000.
The plaintiff is seeking a modification on the grounds that her parents can no longer help her with the children and her income is diminished. Her weekly income is only $1,286 gross and $920 net. Therefore she looks to her former husband for additional support.
The Court finds first of all, that the deviation that was agreed to is still in existence and is a legitimate deviation because of the substantial contact the father has, more particularly on weekends — every weekend — and the necessity of him driving to New York every Wednesday. The deviation was appropriate then and is still appropriate now.
At no time was there a condition in the original agreement that a third party, more particularly her parents, would provide additional income. It is also clear from the testimony that if she wished to, she could move back to Connecticut and earn perhaps the same amount as she did the year before the divorce. She does not want to leave New York.
As the Court indicated, the defendant's income increase is not substantial and rather limited. The plaintiffs income now is CT Page 59 substantially more than that as provided in her affidavit at the time of the divorce. At the time of the dissolution, the defendant had $175,000 in assets; it is now down to approximately $95,000. At the time of the dissolution, the plaintiff had $197,000 and now her asset values are up to $411,000.
Therefore, the Court finds no change in circumstances as required by § 46B-86 of the Connecticut General Statutes and, the defendant should not be asked to shoulder the decisions of the plaintiff to live in an area where she has substantial expenses and where she has been able to accumulate without mortgage, a $400,000 interest in an apartment.
According to the plaintiff, her total weekly expenses are in the neighborhood of $1,685 per week. The defendant's are $1,266. The plaintiff claims a disparity between her net income and her expenses, of $700 per week. Her affidavit reflects a net income of $920 and her expenses of $1,695. That disparity should not be born on the shoulders of the defendant who has a net income of $773.
Plaintiffs request essentially seeks to change the relationship of father and sons which was carefully crafted. The defendant spends more waking time with his children than the plaintiff and is strongly involved with the children who would oppose any change. The request would violate all the provisions related to parenting time of the father because the cost would be prohibitive. Essentially plaintiff is really seeking alimony in the guise of child support.
The Motion for Modification is denied.
 ___________________ Barall, JTR
CT Page 60